UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

TAJIKA DIXON,

    Plaintiff,

v.                                                                     **JURY TRIAL DEMANDED**

G4S SECURE SOLUTIONS (USA), INC., a
Florida for-profit corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, TAJIKA DIXON ("DIXON") by and through her undersigned attorney, files this, her Complaint for Damages against Defendant, G4S ENTERPRISES SECURE SOLUTIONS (USA), INC., a Florida for-profit corporation, (hereinafter, "G4S"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, G4S was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in

    commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendant, G4S operated a security business. Plaintiff, DIXON's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant' business, and moved in interstate commerce. This included records, electronic equipment, uniforms and written/paper materials that were manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendant is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Southern District of Florida.

6. The Defendant is also subject to the jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in the Southern District of Florida.

## **VENUE**

7. The venue of this Court over this controversy is based upon the following:

    a.    The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

    b.    Defendant was and continues to be a corporation doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, DIXON was an "employee" of the Defendant within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant were conducting business throughout the state of Florida from its headquarters in Jupiter, Palm Beach County, Florida,

10. At all times material hereto, the Defendant was the employer of Plaintiff, DIXON.

11. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant knowingly and willfully failed to pay Plaintiff, DIXON her lawfully earned wages in conformance with the FLSA.

13. Defendant committed a willful, malicious and unlawful violation of the FLSA and, therefore, is liable for monetary damages.

14. At all times material hereto, the corporate Defendant was an "enterprise" engaged in commerce" within the meaning of the FLSA.

15. During the applicable period of the Plaintiff's employment the Defendant's business enterprise had at least $500,000 in annual sales.

16. At all times material hereto, the work performed by Plaintiff, DIXON was directly essential to the business performed by Defendant.

17. Plaintiff, DIXON has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. From about November 16, 2001 through November 24, 2019, Plaintiff, DIXON was employed by the Defendant as a security guard. She was paid an hourly rate of $13.50 per hour.

19. Defendant knowingly and willfully operated its business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff, DIXON.

20. During the Plaintiff's employment, the Defendant failed to pay overtime based on Plaintiff's regular rate of pay ($13.50 per hour). Instead, Defendant calculated Plaintiff's overtime based on a lower rate of pay.

21. Plaintiff, DIXON has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. Plaintiff, DIXON repeats and realleges Paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff, DIXON's employment with the Defendant was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

24. During Plaintiff, DIXON's employment, Plaintiff, DIXON worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours. Plaintiff, DIXON was entitled to be paid at the rate of time

and one-half her regular hourly rate for all of her hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, DIXON at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

26. Defendant failed to properly disclose or apprise Plaintiff, DIXON of her rights under the FLSA.

27. As a direct and proximate result of Defendant' willful disregard of the FLSA, Plaintiff, DIXON is entitled to liquidated damages pursuant to the FLSA.

28. Due to the willful and unlawful actions of the Defendant, Plaintiff, DIXON has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

29. Plaintiff, DIXON is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, DIXON respectfully requests that judgment be entered in her favor against the Defendant:

    a.    Declaring that the Defendant violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff, DIXON overtime compensation in the amount calculated;

    c.    Awarding Plaintiff, DIXON liquidated damages in the amount calculated;

    d.       Awarding Plaintiff, DIXON reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.       Awarding Plaintiff, DIXON post-judgment interest; and

    f.       Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff, DIXON demands trial by jury on all issues so triable as of right by jury.

Dated:  December 11, 2019.

                                                    Respectfully submitted,

                                                    BOBER & BOBER, P.A.
                                                    Attorneys for Plaintiff
                                                    2699 Stirling Road, Suite-A304
                                                    Hollywood, FL 33312
                                                    Phone: (954) 922-2298
                                                    Fax: (954) 922-5455
                                                    peter@boberlaw.com

                                By:    <u>s./ Peter Bober</u>
                                             PETER BOBER
                                             FBN:  0122955