## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into this ___ day of January, 2020, by and between TAJIKA DIXON ("Plaintiff") and G4S SECURE SOLUTIONS (USA) Inc. ("G4S") (collectively, "Parties").

## WITNESSETH

**WHEREAS**, Plaintiff was employed by G4S as a Security Officer; and

**WHEREAS**, Plaintiff, on or about December 11, 2019, filed a lawsuit in the United States District Court for the Southern District of Florida, *Tajika Dixon v. G4S Secure Solutions (USA) Inc.*, Case No. 19-cv-81653 (the "Lawsuit"), alleging G4S failed to pay overtime wages under the Fair Labor Standards Act; and

**WHEREAS**, G4S denies the allegations made in the Lawsuit and denies any and all liability to Plaintiff; and

**WHEREAS**, Plaintiff has voluntarily agreed to completely resolve with G4S the Lawsuit.

**NOW, THEREFORE**, in consideration of the payment of monies and in further consideration of the promises, covenants, and releases hereinafter set forth, the receipt and sufficiency of which is specifically acknowledged, the Parties hereby agree to address and resolve this matter as follows:

1. <u>Consideration.</u> In consideration for the Release of Claims described in Paragraph 4 and all other terms of this Settlement Agreement and Release, G4S will issue payment in the total amount of Nine Thousand Dollars and Zero Cents ($9,000.00), payable as follows: (a) Check # 1 to Tajika Dixon for Two Thousand Seven Hundred and Fifty Dollars ($2,750.00) as alleged unpaid overtime wages, minus any deductions required by law; (b) Check # 2 to Tajika Dixon for Two Thousand Seven Hundred and Fifty Dollars ($2,750.00) as alleged liquidated damages; and (c) Check # 3 to Bober & Bober, P.A. for Three Thousand Five Hundred Dollars ($3,500.00) for attorney's fees and costs. G4S will deliver three checks in the amount set forth above to Plaintiff's counsel within twenty days after (and only in the event that) all of the following conditions have occurred: (1) the execution of this Agreement; and (2) the Court's dismissal of the Lawsuit.

2. <u>Other Payments.</u>  Plaintiff agrees and acknowledges that, other than as specifically provided for in this Agreement, no additional payments are due from G4S or any affiliate on any basis whatsoever.

3. <u>Indemnification.</u> Plaintiff agrees that she will pay and be fully responsible for, and indemnify and hold Defendants harmless from any liability for any state, federal or local taxes assessed by any governmental entity or taxing authority on account of the non-wage payments referenced in Paragraph 1 of this Agreement. Plaintiff understands and agrees that G4S is not providing tax nor legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiff also understands that she must complete

an IRS Form W-9 and return to G4S's counsel in order to receive the payment referenced in Paragraph 1 of this agreement.

4. **Release of Claims.** Plaintiff and G4S release and forever discharge each other, as well as any of G4S's operating units, franchisees, licensees, subsidiaries, parent companies, holding companies, affiliates, owners, controlling entities, predecessors, successors, assigns, benefit plans and programs, agents, attorneys, insurers, vendors, officers, directors, and employees ("Releasees") from any and all demands, claims, liabilities, agreements, damages, losses, or expenses, attorneys' fees, or costs of any nature whatsoever, whether known or unknown ("Claims"), that they have, may have had, or may later claim to have had against each other for unpaid wages and claims under the Fair Labor Standards Act or any other wage and hour claim under federal, state, or local law.

5. **Covenant Not to Sue.** Plaintiff agrees that she has not filed or raised any charges, complaints, claims, lawsuits, grievances, arbitration demands or actions against any of the Releasees with any federal, state, or local court or agency. Plaintiff agrees that, except to the extent such right may not be waived by law, she will not commence any administrative or legal action or lawsuit or otherwise assert any legal claim or claim in equity seeking relief for any Claim released or waived by this Agreement.

6. **Warranties and Representations.** Other than the FLSA claim being paid herein by G4S, Plaintiff agrees that as of the date of this Agreement, she has no other claim, liability, damage, loss or expense of any nature whatsoever against G4S or any of the other Releasees based on the protections provided by the Fair Labor Standards Act, 29 U.S.C. § 213 *et seq.*, or any other federal, state, or local wage and hour law.

7. **Entire Agreement.** This Agreement contains the entire agreement between the Parties regarding the matters set forth herein. No amendment or modification of the Agreement will be valid or binding unless made in writing and signed by all Parties.

8. **No Admission of Liability.** It is understood and acknowledged by all Parties that this is a settlement and compromise of disputed claims and is not and cannot be considered as an admission of liability or wrongdoing by any Party hereto; to the contrary, it is understood and acknowledged that all Parties expressly deny any liability, wrongdoing, or damages to each other.

9. **Choice of Law.** This Agreement shall be construed as a whole according to its fair meaning and shall be interpreted, governed, and construed under the laws of the State of Florida without reference to its choice of law rules.

10. **Severability.** The Parties agree that the terms of this Agreement are contractual and not merely recitals. Should any portion be found by a court of law to be invalid, void, illegal, contrary to law or public policy, or otherwise unenforceable, it is expressly agreed by the Parties that only such portion will be affected, and the remainder of the Agreement will stand in full force and effect as if such unenforceable provision had never been contained herein.

Doc ID: 0930db2a5ad6f2d0fdbf2965791d55f3f960ac8f

11. <u>Waiver.</u> Any failure by the Parties on one or more occasions to enforce or require strict compliance with any of the terms and conditions of this Agreement will not constitute a waiver of any such terms or conditions at any future time and will not prevent any Party from insisting on strict compliance with such terms and conditions at a later time.

12. <u>Rules of Construction.</u> The Parties agree that, should any provision of this Agreement require interpretation or construction, the person or court interpreting or construing this Agreement shall not apply a presumption that the provision shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed against the party who prepared the Agreement. It is agreed that all Parties participated in the drafting of this Agreement.

**IN WITNESS WHEREOF,** Plaintiff agrees that she is acting of her own free will and has caused the execution of this Agreement as of the date first written above.

**PLAINTIFF TAJIKA DIXON:**

*Tajika Dixon*

Date: 01 / 21 / 2020

TAJIKA DIXON

**G4S SECURE SOLUTIONS (USA), INC.:**

By: _____
Print: Kadian Blanson
Its: Managing Counsel, Litigation

Date: 1/21/2020

- 3 -