UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 19-CV-81653-MIDDLEBROOKS

TAJIKA DIXON,

    Plaintiff,

v.

G4S SECURE SOLUTIONS (USA), INC.,
a Florida for-profit corporation,

    Defendant.

_____/

## ORDER GRANTING APPROVAL OF SETTLEMENT AND DISMISSING CASE

THIS MATTER comes before the Court upon the Parties' Joint Motion to Approve Settlement Agreement and Dismiss Case With Prejudice, filed January 22, 2020. (DE 14). For the reasons set forth below, the Motion is granted.

Plaintiff initiated this action on December 11, 2019, alleging violations of overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (DE 1). In their Settlement Agreement, the Parties state that Plaintiff will receive a total of $5,500 in damages and liquidated damages, and Plaintiff's counsel will receive $3,500 in attorney's fees and costs. (DE 14).

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). The court must determine whether the settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be *bona fide* disputes as to FLSA coverage and

therefore, a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Having reviewed the Motion and exhibits attached thereto, and the Court being otherwise fully advised, I find that the Parties' Settlement Agreement (DE 14-1) reflects a reasonable compromise over contested litigation to resolve a *bona fide* dispute under the FLSA. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Parties' Joint Motion to Approve Settlement Agreement (DE 14) is **GRANTED**.

2. The Court **APPROVES** the Settlement Agreement (DE 14-1), including the settlement amount for attorney's fees, as a fair, adequate, and reasonable settlement of the claims at issue.

3. This action is **DISMISSED WITH PREJUDICE**.

4. The Clerk of Court shall **CLOSE THIS CASE** and **DENY** all pending motions as **MOOT**.

5. Pursuant to the terms of the Settlement Agreement, the Court shall retain jurisdiction over this action to enforce the terms of the agreement should that become necessary. I will retain jurisdiction for a period of 60 days.

**SIGNED** in Chambers at West Palm Beach, Florida this 31 day of January, 2020.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE